UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Cochrane, #80634;<br><br>　　　　　　　　Plaintiff;<br><br>vs.<br><br>South Carolina Department of Corrections (SCDC); and County of Charleston;<br><br>　　　　　　　　Defendants. | C/A No. 6:06-0246-GRA-WMC<br><br>**Report and Recommendation** |

　　　　　The Plaintiff, Jerome Cochrane (hereafter, the "Plaintiff") is a state prisoner proceeding *pro se*. He appears to seek relief pursuant to Title 42, United States Code §1983. Under the provisions of 28 U.S.C. §636(b)(1)(b), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner cases filed under 42 U.S.C. §1983 and submit findings and recommendations to the District Court.

## **BACKGROUND**

　　　　　Plaintiff is a state prisoner, incarcerated at Lieber Correctional Institution in Ridgeville, South Carolina. The narrative from his Complaint is recited below verbatim:

> In 1974 the plaintiff was unlawfully while a juvenile charged with the offense of murder. An accomplice a party older than him was farther involved. At the time the plaintiff was only 14 years of age. His case and situation was a matter for the Charleston County Family Courts. The Circuit Court for Charleston County lacked subject matter jurisdiction over the case and unfortunately the plaintiff herein was unlawfully sentenced as an adult to a term of life imprisonment. At the time the doctrine or theory of "hand of one is the hand of all" was not in existence.
> As a direct and proximate cause of his continued confinement he has suffered [sic] and underwent a great and significant deal of: emotional distress, psychological pain and suffering and complete "shock" over the injustice or lack of justice he has had to encounter

1

> or endure for some 30 (thirty) long years of his life due too a violation at the hands of the Charleston County Solicitor's' office which had sought to try him as an adult by unlawful means when in fact he should have been at most sentenced by the Family Court to the Department of Youth Services (DYS) during the time due to his mental incompasity [sic] to either fathom or understand the charge against him.  The Circuit Court knew or should have know it did not have jurisdiction over the plaintiff.  It is this plaintiff's contention to preserve this action and should this court dismisses [sic] this complaint to do so "without prejudice."  The plaintiff further denies even committing the offense charged and for which he was convicted.  The hand of one is the hand of all is a doctrine that applied to accomplice liability regarding adults, not a person considered a child totally influenced by an adult.

[Docket Entry # 1, pp. 3-4.]   Plaintiff seeks to recover One Hundred Million Dollars ($100,000,000.00) as damages.

## DISCUSSION

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980);  *Estelle v. Gamble*, 429 U.S .97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972);  *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th Cir. 1978).    *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys.  *Hughes v. Rowe, supra*.   Even under this less stringent standard, however, this *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Despite his claims of innocence, Plaintiff was evidently convicted on the charge of murder over thirty years ago.  Plaintiff's initial federal action must take the form of a petition for *habeas corpus* relief under 28 U.S.C. § 2254.  Such a petition can be filed in this Court only after Plaintiff has exhausted available state remedies.   *See, e.g., Braden v. 30th*

*Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973); and *Moore v. De Young*, 515 F.2d 437, 442-443 (3rd Cir. 1975). The available state remedies include direct appeal and a Post-Conviction Relief (PCR) application under S.C. Code Annotated § 17-27-10 through § 17-27-160.  If his PCR application is denied, Plaintiff may appeal the denial of relief through a Petition for Writ of Certiorari to the South Carolina Supreme Court.  *See* § 17-27-100, South Carolina Code of Laws; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (1985).  It is not known if Plaintiff has pursued any of these remedies.  The fact that he is still incarcerated suggests that he has either not pursued them or has been unsuccessful.

It is only after his conviction has been set aside by one of the above-listed procedures that the Plaintiff can come into this Court seeking damages under 42 U.S.C. §1983.  In *Heck v. Humphrey*, 512 U.S. 477 (1994) the United States Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87. Plaintiff's claims simply that his conviction was wrong. Despite that claim, any cause of action under § 1983 can accrue only when his conviction has been set aside.

Even if Plaintiff's cause of action had accrued under § 1983, he could not sue the State of South Carolina because of its immunity from suit under the Eleventh Amendment to the United States Constitution. With regard to Charleston County, Plaintiff alleges no facts from which this Court could find the County liable.

## **CONCLUSION**

Based on the foregoing, it is recommended that the within Complaint be dismissed without prejudice and without issuance or service of process. Plaintiff's attention is directed to the Notice on the following page.

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

March 9, 2006

Greenville, South Carolina

4

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court). In *Howard, supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See Wright v. Collins, supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**
